## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 Proceedings |
| Eric C. Lemon | : | Case No.: 20-60332 |
| Megan S. Lemon | : | Judge Russ Kendig |
| Debtors | | |

### TRUSTEE'S OBJECTION TO CONFIRMATION
### OF CHAPTER 13 PLAN DATED FEBRUARY 24, 2020

Now comes Dynele L. Schinker-Kuharich, Standing Chapter 13 Trustee, for the above captioned case and objects to Confirmation of the proposed Plan of the Debtor(s) on the grounds that said Plan is in violation of 11 U.S.C. Section(s):

**Chapter 7 value**
    1325 (a) (3) the plan has been proposed in good faith and not by any means
            forbidden by law.

    1325 (a) (4) the value, as of the effective date of the plan, of property to be distributed
            under the plan on account of each allowed unsecured claim is not less than
            the amount that would be paid on such claim if the estate of the debtor were
            liquidated under chapter 7 of this title on such date.

**There is non-exempt equity in the 2019 tax refunds of $1,564.50.**

**Good Faith**
    1325 (a) (3) the plan has been proposed in good faith and not by any means
            forbidden by law.

**Disposable Income**
    1325 (a) (1) the plan complies with the provisions of this chapter and with the other
            applicable provisions of this title.

    1325 (a) (3) the plan has been proposed in good faith and not by any means
            forbidden by law.

And therefore fails to comply with 11 U.S.C. Section
    1322 (a) (1) provide for the submission of all or such portion of future earnings
            or other future income of the debtor to the supervision and control
            of the trustee as is necessary for the execution of the plan.

A proposed plan must comply with 11 U.S.C. Section
> 1325 (b) (1) (B) the plan provides that all the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

**Debtor-husband's income is understated on Schedule I when compared to paystubs. In addition, Debtors receive large tax refunds as a result of their overwithholding.**

Wherefore, Trustee prays that Confirmation of the Chapter 13 Plan of Debtor(s) be denied.

/s/ Dynele L. Schinker-Kuharich
Dynele L. Schinker-Kuharich (0069389)
Chapter 13 Trustee
A. Michelle Jackson Limas (0074750)
Staff Counsel to the Chapter 13 Trustee
200 Market Avenue North, Ste. 30
Canton, OH 44702
Telephone: 330.455.2222
Facsimile: 330.754.6133
Email: DLSK@Chapter13Canton.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2020, a true and correct copy of the Objection to Confirmation of Chapter 13 Plan was served via the Court's Electronic Case Filing System upon these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- Office of the United States Trustee at [RegisteredEmailAddress]@usdoj.gov
- Office of the Chapter 13 Trustee, at dlsk@Chapter13Canton.com
- David A. Mucklow , Counsel for Eric C. and Megan S. Lemon, at davidamucklow@yahoo.com

and by regular U.S. Mail, postage prepaid, upon:

Eric & Megan Lemon, Debtor
1040 Allen Drive
Wooster, OH 44691

/s/ Dynele L. Schinker-Kuharich
Dynele L. Schinker-Kuharich
Chapter 13 Trustee